IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT C. MOUNT, JR., <br> Plaintiff, <br> v. <br> MIKE HASTY, et al., <br> Defendants. | Case No. 21-0636-CV-W-FJG |

### ORDER

Before the Court are (1) Defendant Sanders' Motion to Dismiss (Doc. No. 5); (2) the Motion to Dismiss of Defendants Megan Blackburn, Caleb Breedlove, Stephanie Brown, City of Gladstone, Missouri, Anthony Consiglio, Mike Hasty, Andrew Roelle, Jeffrey Self, and Gregory Wright (collectively, "Gladstone Defendants") (Doc. No. 15); and (3) Plaintiff's Motion for Default Judgment as to Defendant Cathy Noble (Doc. No. 24).

**I.   Background**

Plaintiff filed his pro se Complaint on September 2, 2021.  Plaintiff's claims arise out of a police investigation that occurred in April of 2016.  Plaintiff asserts that he and his then-girlfriend, Sandra Howard, were involved in an incident in the early morning hours of April 18, 2016, during which time Plaintiff asserts that Ms. Howard injured herself while she was drinking alcohol.  Plaintiff alleges that he checked on Ms. Howard the following afternoon and found her unresponsive.  He called 911, indicating he believed Ms. Howard was dead.  Medical personnel and officers from the Gladstone police department arrived at Plaintiff's residence, and the police officers took Plaintiff into custody.  Ultimately, Plaintiff was charged with armed criminal action and domestic

assault in the third degree, in violation of § 565.074, R.S.Mo. On January 4, 2018, a jury acquitted plaintiff of armed criminal action, but convicted him of domestic assault in the third degree, a misdemeanor. Plaintiff's conviction was affirmed on appeal. State v. Mount, 581 S.W.3d 667 (Mo.App. W.D. 2019).

Plaintiff asserts in his 85-page complaint that a variety of defendants violated his rights in conjunction with the investigation and prosecution of the criminal case against him. For example, Plaintiff alleges that the evidence presented in the criminal case was tampered with, fabricated, and that exculpatory evidence was withheld. Doc. No. 1, pp. 16-23. As a result of the alleged wrongful actions of the Defendants, Plaintiff alleges that he has been "wrongly convicted of misdemeanor assault." Doc. No. 1, p. 34, ¶ 7(f). He has named as defendants: (1) Police Chief Mike Hasty; (2) Captain Jeffrey Self; (3) Detective Stephanie Brown; (4) Detective Anthony Consiglio; (5) Detective Gregory Wright; (6) Detective Caleb Breedlove; (7) Officer Megan Blackburn; (8) Officer Andrew Roelle; (9) Officer J. Doe; (10) City of Gladstone, Missouri; (11) Robert L. Sanders, Clay County Assistant Prosecuting Attorney; (12) Casandra M. Burgess, Clay County Assistant Prosecuting Attorney; and (13) Cathy L. Noble, Missouri State Public Defender System, Clay County Missouri Division. All listed defendants (with the exception of the City of Gladstone, Missouri) are sued both in their official capacity and their individual capacity.

The Complaint contains eleven separate counts, with a variety of theories of recovery under both 42 U.S.C. § 1983 and Missouri common law. Within each count, Plaintiff contents that his arrest, prosecution, and conviction were improper. Defendants assert that all the Section 1983 claims should be dismissed for several reasons, including the Heck v. Humphrey doctrine, absolute immunity, and the failure to plead

sufficient facts showing the existence of an unconstitutional policy, custom, or deliberately indifferent failure to train. Defendants further assert that the Missouri common law claims should be dismissed because of absolute immunity and Missouri's sovereign immunity statute. In addition, the Gladstone Defendants argue that the claims against them are barred by the statute of limitations because the claims were brought more than three years after plaintiff's acquittal for armed criminal action.

## II. Standard

To survive a Rule 12(b)(6) motion to dismiss, "the complaint must do more than recite the bare elements of a cause of action." Williams v. City of Kansas City, Mo., No. 4:13–0347–CV–W–DGK, 2014 WL 2158998, at *3 (W.D. Mo. May 23, 2014) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## III. Defendant Sanders' Motion to Dismiss (Doc. No. 5)

Defendant Sanders was one of the Clay County prosecutors in Plaintiff's underlying criminal case. Defendant Sanders argues that all of the civil rights claims must be dismissed pursuant to the Heck v. Humphrey doctrine, given that Plaintiff's underlying criminal conviction has not been overturned. Defendant Sanders also argues that the civil rights claims pled against him in his individual capacity are barred by prosecutorial immunity, and the civil rights claims against him in his official capacity are barred because Plaintiff has not pled the existence of an unconstitutional policy or custom, nor has he pled deliberate indifference in failure to train. Defendant Sanders

3

indicates that with respect to Plaintiff's claims under Missouri common law, the individual capacity claims are barred by prosecutorial immunity and any official capacity claims are barred by Missouri's sovereign immunity statute. The Court considers each theory, below.

    A.    Heck v. Humphrey

Defendant Sanders argues that all of the Section 1983 claims pled against him are barred by Heck v. Humphrey, 512 U.S. 477 (1994), because Plaintiff's underlying criminal conviction has not been overturned. Heck v. Humphrey provides that Section 1983 claims which would render a conviction invalid are not cognizable until the underlying conviction has been invalidated or expunged.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (emphasis in original, footnotes omitted). Here, Plaintiff's underlying misdemeanor conviction was affirmed on appeal, and there is no indication of any other proceedings (pending or completed) from which Plaintiff's underlying criminal conviction could be invalidated. Therefore, Defendant Sanders argues that Plaintiff's Section 1983 claims must be dismissed.

In response, Plaintiff argues that the Heck rule applies only to imprisoned citizens so as to avoid simultaneous conflicting judgments and collateral attacks. However, as noted by Defendant, this argument is contrary to controlling Eighth Circuit precedent. See Newmy v. Johnson, 758 F.3d 1008 (8th Cir. 2014); Entzi v. Redmann, 485 F.3d

998, 1003 (8th Cir. 2007). Given the precedent cited above, Plaintiff cannot state a claim from relief under Section 1983 as his underlying criminal conviction has not been invalidated. Therefore, all of Plaintiff's Section 1983 civil rights claims against Defendant Sanders must be **DISMISSED.**

      B.      Individual Capacity Civil Rights Claims – Prosecutorial Immunity

Defendant Sanders argues that, even if Heck v. Humphrey did not bar the claims against him, Plaintiff's civil rights claims pled against Defendant Sanders in his individual capacity would be barred by absolute prosecutorial immunity. Defendant Sanders notes that all the claims pled against him in this case arise out of his role as the prosecutor in the state court criminal proceedings. "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Sample v. City of Woodbury, 836 F.3d 913, 916 (8th Cir. 2016). Prosecutorial immunity is very broad. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" Schenk v. Chavis, 461 F.3d 1043, 1046 (8th Cir. 2006) quoting Anderson v. Larson, 327 F.3d 762, 768 (8th Cir. 2003). "Even if [prosecutor] knowingly presented false, misleading, or perjured testimony, or even if he withheld or suppressed exculpatory evidence, he is absolutely immune from suit." Reasonover v. St. Louis Cty, Missouri, 447 F.3d 569, 580 (8th Cir. 2006). Given this broad immunity and given that Plaintiff has not pled actions taken by Sanders that exceed his role as a prosecutor, Defendant Sanders argues that dismissal is appropriate.

In his response, Plaintiff asserts that absolute immunity is only appropriate in the absence of malice, bad faith, or improper purpose, and that Plaintiff has alleged all of these in his complaint. See Response, Doc. No. 23, p. 9. However, as noted by

5

Defendant Sanders, this argument is contrary to Eighth Circuit precedent. See Sample v. City of Woodbury, 836 F.3d 913, 916 (8th Cir. 2016) (finding absolute prosecutorial immunity to be not defeated by "allegations of malice, vindictiveness, or self interest," and applies "even if the prosecutor's steps to initiate a prosecution are patently improper").

The Court finds that absolute prosecutorial immunity bars all Plaintiff's Section 1983 civil rights claims against Defendant Sanders in his individual capacity, and therefore Defendant Sanders' motion to dismiss is granted on this basis as well.

C. Official Capacity Civil Rights Claims

Defendant Sanders notes that official capacity claims are construed as one against the individual's entity, in this case Clay County, Missouri. See Hafer v. Melo, 502 U.S. 21, 25 (1991). To state a claim against a state or local governmental entity under Section 1983, the Plaintiff must allege that the violation of constitutional rights arose from (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberate failure to train or supervise. Corwin v. City of Independence, 829 F.3d 695, 699 (8th Cir. 2016). Defendant Sanders notes that while Plaintiff has made conclusory allegations regarding official policies, unofficial customs, or deliberate indifference, plaintiff has not provided fact supporting the existence of any of these. See Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In addition, Defendant Sanders notes that while Plaintiff makes a reference in his complaint to 42 U.S.C. § 1985 (see Doc. No. 1, p. 3), he has pled no facts supporting any claims under Section 1985, and Heck and absolute prosecutorial immunity also bar such claims.

6

In response, Plaintiff does not address the official capacity claims, nor does he address the Section 1985 claims. Therefore, for the reasons stated by Defendant Sanders, Plaintiff's official capacity civil rights claims against Defendant Sanders (as well as all Section 1985 claims) are **DISMISSED.**

D. Individual Capacity Common Law Claims – Prosecutorial Immunity

Under Missouri law, prosecutors are entitled to absolute prosecutorial immunity for acts taken within the scope of their prosecutorial duties. Hutchison v. Tex. Cty., No. 09-3018-CV-S-RED, 2010 WL 11509270, at *8 (W.D. Mo. Dec. 1, 2010) (citing Carden v. George, 291 S.W.3d 852, 854 (Mo. Ct. App. 2009)). "This immunity is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties, including the risk of harassment by unfounded litigation." Carden, 291 S.W.3d at 854 (quoting Imbler v. Pachtman, 424 U.S. 409, 424 (1976)) (internal quotations omitted). As discussed above in relation to absolute prosecutorial immunity for civil rights claims, the only role Defendant Sanders is alleged to have played in the tort claims against him is as an assistant prosecutor. Therefore, Defendant Sanders argues that the the individual capacity common law claims pled against him are barred by absolute prosecutorial immunity.

Although Plaintiff asserts in his response that absolute immunity is not appropriate where bad faith, malice, or an improper purpose is pled, again, that is not an accurate statement of Eighth Circuit law. See Sample v. City of Woodbury, 836 F.3d 913, 916 (8th Cir. 2016). The Court **GRANTS** Defendant Sanders' motion to dismiss the common law claims pled against him in his individual capacity.

E. Official Capacity Common Law Claims – Missouri Sovereign Immunity

Defendant Sanders asserts that the official capacity common law claims pled against him are barred by Missouri's Sovereign Immunity Statute, R.S.Mo. § 537.600.1. Sovereign immunity applies both to suits against municipalities and suits against employees in their official capacity. Betts-Lucas v. Hartman, 87 S.W.3d 310, 327 (Mo. App. 2002). Under Missouri's sovereign immunity statute, sovereign immunity is waived in only two situations: "where a public employee negligently operates a motor vehicle during the course of employment and thereby causes injury, sec. 537.600.1(1) (the 'negligent driving' exception) and where the injury results from a dangerous condition of public property, sec. 537.600.1(2) (the 'dangerous condition' exception)." Hensley v. Jackson County, 227 S.W.3d 491, 494 (Mo. banc 2007). In addition, sovereign immunity may be waived through the purchase of insurance coverage. R.S.Mo. § 537.610.1. Sovereign immunity is not an affirmative defense; rather, Plaintiff has the burden to plead facts showing that an exception to sovereign immunity applies. Richardson v. City of St. Louis, 293 S.W.3d 133, 137 (Mo. App. 2009).

Here, the Complaint does not contain allegations that sovereign immunity has been waived. Plaintiff does not allege that his claims arise from a situation where an employee had operated a motor vehicle negligently, nor does he allege a dangerous condition of public property. He further does not allege that an insurance policy has been purchased by the Defendants. Instead, Plaintiff argues in his response that sovereign immunity typically applies to federal and state governments and not municipalities. However, Plaintiff appears to confuse Eleventh Amendment immunity with sovereign immunity. See Bennartz v. City of Columbia, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009) (finding that Missouri's sovereign immunity statute applies to municipalities). Given that sovereign immunity applies to Defendants and Plaintiff has

not met his burden to show that sovereign immunity has been waived, Defendant Sanders' motion to dismiss must be **GRANTED** on this basis as well.

Given the above analysis, all of Plaintiff's claims against Defendant Sanders are **DISMISSED WITH PREJUDICE**.

### III. Gladstone Defendants' Motion to Dismiss (Doc. No. 15)

#### A. Statute of Limitations

The Gladstone Defendants argue that all of the claims pled against them in their individual capacities, both alleged civil rights claims and Missouri common law claims, should be dismissed as the statute of limitations has expired. All of the Gladstone Defendants, with the exception of the City of Gladstone, are police officers.

With respect to claims under 42 U.S.C. § 1983, courts look to state law to determine the statute of limitations. Burford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). Gladstone Defendants asserts that when police officers have been In Missouri, when a person sues municipal police officers, as is the case here with the individually named Gladstone Defendants, the applicable statute is § 516.130 R.S.Mo, which provides,

> An action against a sheriff, coroner, or other officer, upon a liability incurred by doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty …

shall be brought within three years. § 516.130(1) R.S.Mo. See Buford, 747 F.2d at 447; see also Dilley v. Valentine, 401 S.W.3d 544, 551-552 (Mo.App. W.D. 2013) (holding that municipal police officers are "other officers" within the meaning of § 516.130(1) R.S.Mo. and are therefore claims against them are subject to a three-year statute of limitations).

Given that the eight individual Gladstone Defendants are police officers and that all the theories of liability pled against them involve acts done in their official capacity and in virtue of their offices, the Gladstone Defendants suggest that the three-year statute of limitations against them has passed. The Gladstone Defendants argue that the last actions taken in this matter for which they could be held liable occurred on January 4, 2018, when Plaintiff was convicted on one count and acquitted on another. The Gladstone Defendants suggest that this makes the deadline for filing this suit to be January 3, 2021; however, the suit was not filed until September 2, 2021. Therefore, Gladstone Defendants suggest that all claims against them in their individual capacities (both Section 1983 civil rights claims and Missouri common law claims) should be dismissed as barred by the statute of limitations.

In response, Plaintiff suggests that the statute of limitations has not passed, as "a Complaint is not legitimately filed while Under Appeal, and the abuse of Process claim has a 5 year SOL accruing from the time as such Abuse has ceased, in this case, plaintiff suggests cessation of abuse was at trial termination on 01/04/2018." Doc. No. 23, p. 8. In reply, however, the Gladstone Defendants argue that Plaintiff has failed to articulate why the five-year statute of limitations, as opposed to the three-year statute of limitations, would apply in this case. The Gladstone Defendants note that Plaintiff has admitted that the statute of limitations should begin to run on January 4, 2018, and therefore Plaintiff's claims against the Gladstone Defendants were untimely-filed.

The Court finds that the three-year statute of limitations applies to all of Plaintiff's claims pled against the police officer defendants. Given that the period began running at the latest on January 4, 2018, the Gladstone Defendants' motion to dismiss is **GRANTED**, and Plaintiffs' claims against these defendants must be **DISMISSED**.

### B. <u>Heck</u> Doctrine

For the same reasons that all Section 1983 claims against Defendant Sanders must be dismissed, the Section 1983 claims against all Gladstone Defendants must be **DISMISSED** pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). The Gladstone Defendants' Motion to Dismiss is granted on this basis.

### C. Failure to Plead Facts Regarding Municipal Policy or Custom

For the same reasons as were discussed in relation to Defendant Sanders' claims, Plaintiff has failed to plead facts regarding an official municipal policy, an unofficial custom, or a deliberate failure to supervise sufficient to state a claim against the Gladstone Defendants. Therefore, the Section 1983 claim against the municipality and against the defendants in their official capacities are **DISMISSED WITH PREJUDICE.** Moreover, to the extent Plaintiff has attempted to state a claim against the Gladstone Defendants under Section 1985, those claims are **DISMISSED WITH PREJUDICE** as well, for the reasons stated above in relation to Defendant Sanders.

### D. Sovereign Immunity as to City of Gladstone and Official Capacity Claims

For the same reasons as were discussed in relation to Defendant Sanders' claims, Plaintiff has not met his burden to plead facts demonstrating a waiver of sovereign immunity by the City of Gladstone or by the remaining Gladstone Defendants who have been sued in their official capacities. Therefore, the motion to dismiss is **GRANTED** on this basis as well, and all such common law claims against the Gladstone Defendants must be **DISMISSED WITH PREJUDICE**.

Therefore, for the foregoing reasons, the Gladstone Defendants' Motion to Dismiss (Doc. No. 15) is **GRANTED**. All claims against the Gladstone Defendants are **DISMISSED WITH PREJUDICE.**

IV.  **Plaintiff's Motion for Default Judgment as to Cathy Noble (Doc. No. 24).**

Plaintiff requests that the Court make an entry of default as to Defendant Noble, arguing that Defendant Noble was served on December 8, 2021, via certified mail. Plaintiff argues that Defendant Noble returned the receipt through U.S. Mail. See Doc. No. 24. Plaintiff argues that the 21-day period for responding to service of summons passed long ago, and further argues that the 60-day period for filing a waiver of service has also expired.

After reviewing Plaintiff's filings, the Court believes Defendant Cathy Noble has not yet been properly served. With respect to Plaintiff's argument that Defendant Noble has failed to waive service within the time period allotted in Rule 4(d), the Court notes that Defendant Noble has no obligation to waive service under the Federal Rules of Civil Procedure. Furthermore, with respect to Plaintiff's argument that Defendant Noble was properly served on December 8, 2021, via certified mail, the Court notes that service by certified mail is improper under federal law and Missouri law. See Auld v. Great Plains Tech. Services, Inc., 20-CV-00120-FJG, 2020 WL 8415077, at *3 (W.D. Mo. July 1, 2020).

Service on an individual, like Defendant Noble, can be accomplished as set out in Fed. R. Civ. P. 4(e), which allows for service by following the state law for serving summons in the state where the district court is located or where service is made, or doing any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or

usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Missouri's rules regarding proper service are found at Missouri Rule of Civil Procedure 54.13; individuals such as Defendant Noble can be served by delivering a copy of the summons and petition personally to the individual, or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with a person of at least 18 years of age residing therein, or by delivering a copy to an agent authorized by appointment or required by law to receive service of process.

Here, it appears that the Plaintiff attempted to serve Defendant Noble via certified mail. That mail was sent to the Clay County Public Defender's Office, and was signed for by "J.J." See Doc. No. 24, p. 4. There is no indication that "J.J." is authorized to accept service of process for Defendant Noble, who was not served personally and was not served at her place of abode. Under these circumstances, Plaintiff's motion for default judgment (Doc. No. 24) must be **DENIED**.

V.    **Conclusion**

Therefore, for the above-stated reasons, (1) Defendant Sanders' Motion to Dismiss (Doc. No. 5) is **GRANTED**; (2) the Motion to Dismiss of Defendants Megan Blackburn, Caleb Breedlove, Stephanie Brown, City of Gladstone, Missouri, Anthony Consiglio, Mike Hasty, Andrew Roelle, Jeffrey Self, and Gregory Wright (collectively, "Gladstone Defendants") (Doc. No. 15) is **GRANTED**; and (3) Plaintiff's Motion for Default Judgment as to Defendant Cathy Noble (Doc. No. 24) is **DENIED**. All claims against Defendant Sanders and Defendants Megan Blackburn, Caleb Breedlove, Stephanie Brown, City of Gladstone, Missouri, Anthony Consiglio, Mike Hasty, Andrew Roelle, Jeffrey Self, and Gregory Wright are **DISMISSED WITH PREJUDICE**.

In addition, it appears that the remaining named defendants have not been timely served. Service of Plaintiff's Complaint was due on or before December 1, 2021, and Plaintiff has not moved for an extension of time in which to accomplish service. As discussed by the Court in relation to Plaintiff's motion for default judgment, however, it appears Plaintiff may have not understood how to properly accomplish service. In the interest of justice, Plaintiff will be granted a brief extension of time deadline to accomplish service, to **JULY 7, 2022**. No further extensions of this deadline will be granted. Plaintiff is cautioned that if he does not accomplish service by July 7, 2022, Plaintiff's remaining claims in this lawsuit will be dismissed without prejudice.

The Clerk's office is directed to mail a copy of this order via regular and certified mail to plaintiff at the following address: Robert C. Mount, Jr., 809 N.E. 7th Street, Gladstone, MO 64118.

**IT IS SO ORDERED.**

Date: May 31, 2022 /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri Fernando J. Gaitan, Jr.
United States District Judge